UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA ABARCA, | No. 1:14-cv-00892-MCE-BAM |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| G6 HOSPITALITY, et al., | |
| Defendants. | |

Plaintiff Maria Abarca ("Plaintiff") initiated this lawsuit against Motel 6, G6 Hospitality, Karen Ingram, and Does 1 through 100 inclusive (collectively "Defendants") alleging causes of action for: (1) disability discrimination and failure to engage in the interactive process; (2) failure to provide reasonable accommodation in violation of California's Fair Employment and Housing Act ("FEHA"); (3) disability discrimination under FEHA; (4) failure to prevent disability discrimination under FEHA; and (5) intentional infliction of emotional distress. Currently before the Court is Defendants' Motion to Strike Plaintiff's Jury Demand (ECF No. 24). For the reasons set forth below, Defendants' Motion is GRANTED.[1]

---

[1] Because oral argument would not be of material assistance, the Court ordered this matter submitted on the briefs. E.D. Cal. Local Rule 230(g).

# BACKGROUND[2]

According to Plaintiff, she became disabled within the meaning of California Government Code section 12926 while employed by Defendant Motel 6.  Plaintiff alleges that Defendants, all agents of one another, knew she had an actual disability and/or a documented record of being disabled.  Alternatively, Plaintiff claims she was perceived by Defendants as disabled.  Plaintiff nonetheless asserts that Defendants, among other things, refused to make reasonable accommodations so that she would be able to perform the essential requirements of her job.  Plaintiff also alleges that Defendants failed to engage in a good faith interactive process to determine whether accommodations could reasonably be made.

On April 25, 2014, Plaintiff filed a Complaint in the Superior Court of California, County of Stanislaus.  ECF No. 1-1.  This Complaint did not include a demand for jury trial.  On June 11, 2014, Defendant G6 Hospitality timely removed the case to this Court.  Not. of Removal, ECF No. 1.  Plaintiff thereafter filed a motion to remand, which she eventually withdrew.  Withdrawal of Pl.'s Mot. to Remand, ECF No. 18.  The day after she filed her motion to remand, and 28 days after removal, Plaintiff purportedly filed a Case Management Statement in state court requesting a jury trial.  Pl.'s Opp. to Def.s' Mot. to Strike Pl.'s Jury Demand, ECF No. 27, at 2, Exh. 1.  Plaintiff filed a demand for jury trial in this Court on October 29, 2014, 120 days after removal.  Pl.'s Demand for Jury Trial, ECF No. 23.

# ANALYSIS

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, "a party may demand a jury trial by: (1) serving the other parties a written demand -- which may be

---

[2] Unless otherwise noted, the following facts are taken from Plaintiff's Complaint. ECF No. 1, Ex. 1.

1 | included in a pleading -- no later than 14 days after the last pleading directed to the
2 | issue is served; and (2) filing the demand in accordance with Rule 5(d)." "A party waives
3 | a jury trial unless its demand is properly served and filed." Fed. R. Civ. P. 38(d).
4 | In removal cases such as this one:

> A party who, before removal, expressly demanded a jury trial in accordance with state law need not renew the demand after removal. If the state law did not require an express demand for a jury trial, a party need not make one after removal unless the court orders the parties to do so within a specified time.

Fed. R. Civ. P. 81(c)(3)(A). Where state law requires an express demand, however, and the non-removing party did not demand the jury trial in state court, that party must serve a demand for jury trial "within 14 days after it is served with a notice of removal filed by another party." Fed. R. Civ. P. 81(c)(3)(B)(ii). Significantly, the Ninth Circuit has held that, "[u]nder California law, a litigant waives trial by jury by, inter alia, failing to 'announce that one is required' when the trial is set. We understand that to mean an 'express demand' is required." Lewis v. Time Inc., 710 F.2d 549, 556 (9th Cir. 1983), overruled on other grounds as recognized by Unelko Corp. v. Rooney, 912 F.2d 1049, 1052 (9th Cir. 1990).

Plaintiff did not file anything resembling a jury demand until July 9, 2014, when she filed a case management statement in state court 28 days following removal of the case here. Plaintiff did not make a formal demand to have the case tried to a jury in federal court until October 29, 2014, which was 120 days after removal. Notwithstanding the fact that the state court filing has no bearing here, neither of the above filings was timely. Fed. R. Civ. P. 38(b); 81(c)(3)(B).

Plaintiff nonetheless argues in opposition that she was not required to make a demand here because no express demand was required under California law. Fed. R. Civ. P. 81(c)(3). Plaintiff is incorrect. See Lewis, 710 F.2d at 556; see also Singh v. Southwest Airlines Co., 82 Fed. Appx. 549, 551 (9th Cir. 2003) (holding that California law requires an express jury demand). Therefore, because Plaintiff failed to make an

express demand in state court prior to removal, or to make a timely demand once the case was removed, she has waived her jury right.

Federal Rule of Civil Procedure 39(b) does give this Court discretion to grant a jury trial where a party's jury demand was untimely. Kletzelman v. Capistrano Unified School Dist., 91 F.3d 68, 71 (9th Cir. 1995); Ruiz v. Rodriguez, 206 F.R.D. 501, 504 (E.D. Cal. 2002). The Court's discretion under this rule, however, "is narrowly construed and does not permit a court to grant relief when the failure to make a timely demand results from an oversight or inadvertence." Wave House Belmont Park, LLC v. Travelers Property Cas. Co. of America, 244 F.R.D. 608, 610 (S.D. Cal. 2007) (internal citations and quotations omitted). Indeed, "[a]n untimely request for a jury trial must be denied, unless some cause beyond mere inadvertence is shown." Pac. Fisheries Corp. v. HIH Cas. & Gen. Ins., Ltd., 239 F.3d 1080, 1002 (9th Cir. 2001). Plaintiff has failed to allege even simple inadvertence in this circumstance to justify her delay. Accordingly, the Court declines to exercise its discretion to relieve Plaintiff of the effects of her waiver.

## CONCLUSION

For the reasons stated above, Defendants' Motion to Strike Plaintiff's Jury Demand (ECF No. 24) is GRANTED.

IT IS SO ORDERED.

Dated: February 4, 2015

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT