SEYFARTH SHAW LLP
Michael J. Burns (SBN 172614)
mburns@seyfarth.com
Pritee K. Thakarsey (SBN 266168)
pthakarsey@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, California 94105
Telephone:    (415) 397-2823
Facsimile:    (415) 397-8549

Attorneys for Defendants
MOTEL 6 OPERATING, L.P. (erroneously sued as
MOTEL 6); G6 HOSPITALITY LLC (erroneously
sued as G6 HOSPITALITY); and KAREN INGRAM


RANCAÑO and RANCAÑO PLC
David C. Rancaño (SBN 121000)
Tejinderpal S. Sanghera (SBN 275058)
Violeta Diaz (SBN 296505)
1300 10th street, Suite C
Modesto, CA 95354
Telephone:    (209) 549-2000
Facsimile:    (209) 526-1101

Attorneys for Plaintiff
MARIA ABARCA

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA ABARCA, | Case No. 1:14-cv-00892-MCE-BAM |
| Plaintiff, | **STIPULATION FOR PROTECTIVE ORDER AND PROTECTIVE ORDER** |
| v. | |
| MOTEL 6; G6 HOSPITALITY; KAREN INGRAM; and DOES 1 THROUGH 100 INCLUSIVE, | |
| Defendants. | |

Subject to the approval of this Court, Plaintiff Maria Abarca and Defendants G6 Hospitality LLC and Motel 6 Operating, L.P. (collectively, "the parties") hereby stipulate to the following protective order:

1. In connection with discovery proceedings in this action, including document productions, interrogatory answers, responses to requests to admissions, depositions, and discovery materials, the parties hereby designate documents as "confidential" under the terms of this Stipulation for Protective Order ("Order"). The documents protected pursuant to this Order have not been made public and the disclosure of these documents would have the effect of causing harm.

2. Documents produced by either party in the course of this litigation prior to the entry of this Order are confidential and subject to this Order.

3. The documents eligible for protection under this order include:

    A. Medical information regarding any party to this litigation or any third party, including but not limited to patient medical records. Production of such documents would violate a person's right to privacy.

    B. Confidential reports and investigations that would reveal the deliberations, communications made related to medical and mental health care provided to the patient and/or personnel records of employees.

    C. Personnel file or documents relating the employment of any party to this litigation or to the employment of third parties. Production of such documents would violate a person's right to privacy.

    D. Trade secret information or proprietary information relating to G6 Hospitality LLC and Motel 6 Operating, L.P.

    E. Any other document that a party determines contains non-public, sensitive, private, confidential, trade secret information or proprietary information.

4. By designating documents as "confidential" under the terms of this Order, the party making the designation is certifying to the Court that there is a good faith basis both in law and in fact for the designation within the meaning of Federal Rule of Civil Procedure 26(g).

5. Documents produced by a party shall be designated by the party as "confidential" by bates stamping copies of the document with the word "CONFIDENTIAL" or by an alternative method acceptable to all parties. In the event that documents produced during the discovery process that are not designated initially as confidential are later designated as confidential, they shall thereafter be treated as confidential in accordance with this Order.

6. The recipient of Confidential Material shall use that information solely in connection with this proceeding, and shall not disclose Confidential Material to any person except:

    A. Plaintiff, in accordance with the limitations and procedures set forth in this Order.

    B. The Court or authorized personnel working for the Court.

    C. Counsel of record in this action and employees of counsel in this action in the conduct of this proceeding.

    D. Defendants, and their in-house counsel and/or agents working in their legal department.

    E. Experts or litigation consultants engaged by counsel to assist in this proceeding, provided that these expert witnesses or litigation consultants expressly agree to be bound by the terms of this Order and not to disclose Confidential Material except as permitted herein.

    F. Insurers, including their in-house counsel and claims adjusters/examiners; and

    G. Fact witnesses providing testimony by deposition or at any proceeding in this case, but only in accordance with the procedures set forth in this Order.

7. The parties agree that the recipients of Confidential Material are limited to those persons listed in the above paragraph, and the parties agree that they shall disclose such information only to persons set forth in the above paragraph and will not divulge such information to any other individual. The parties agree that upon disclosure to those identified in paragraph 6 herein, the individual will be advised of this Protective Order and the confidentiality of the information.

8. If any party objects to the designation of Confidential Material, that party shall so state its objection in a letter to counsel for the party making the designation. If the dispute

cannot be resolved by agreement, the party challenging the designation of material as confidential shall have the right, on reasonable notice but in any event not less than five (5) days prior to the use of the documents or submission of the documents to the Court, to apply to the Court to have materials designated as not confidential. Until the Court rules on the motion, confidential material shall continue to be treated as so designated and any papers filed with the Court may not include such confidential material, but may refer to them by proper identification, such as Bates Stamp number or date and author.

9. Any party seeking to use Confidential Material in Court filings, shall provide at least seven (7) days-notice to all other parties. All parties shall comply with the requirements of E.D. Local Rule 141, in the event that a party would like Confidential Material to be sealed. In lieu of seeking a motion to seal, the parties may agree to redact identifying information relating to any person. Nothing in this Order shall prevent any party from disclosing its own Confidential Material as it deems appropriate and any such disclosure shall not be deemed a waiver of any kind whatsoever or a waiver of any other party's obligation under the Order.

10. Nothing in this Order shall in any way limit or prevent Confidential Material from being used in any deposition or other proceeding in this action. In the event that any Confidential Material is used in any deposition or other proceeding in this action, it shall not lose its confidential status through such use.

11. If a party to this Order in possession of Confidential Material receives a subpoena from a non-party seeking the production or other disclosure of Confidential Material, that party shall immediately give written notice to counsel of record for the party who provided the Confidential Material being sought, which such notice shall include a copy of the subpoena. Where possible, at least seven days' notice before production or other disclosure should be given. In no event shall production or disclosure be made before telephone notice is given and, whenever possible, sufficiently in advance of production or disclosure to afford the party to whom such notice has been given, at least three business days, to take appropriate action, including seeking judicial relief.

12. This Order is entered for the purpose of facilitating the exchange of documents between the parties to this action without involving the Court unnecessarily in the process. Nothing in this Order, or the production of any document under the terms of this Order, shall be deemed to have the effect of an admission or waiver by either party, or of altering the confidentiality or non-confidentiality of any such document.

13. This Order shall not control the use of any evidence during the trial or any hearing of this case. However, nothing herein shall preclude either party from seeking the assistance of the Court in maintaining the confidential nature of any evidence that is presented at hearing or trial.

14. The inadvertent production or disclosure of any material in discovery or otherwise (including material that is or should have been designated as Confidential Material) shall not effect a waiver of any privilege at law or in equity or any rights or obligations arising from or related to this Order, provided the party making such production or disclosure acts promptly to notify the relevant parties or persons of the inadvertent production or disclosure and to remedy the inadvertent production or disclosure upon the discovery thereof.

15. If Confidential Material produced in accordance with this Order is disclosed to any person other than in the manner authorized by this Order, the party responsible for the disclosure shall immediately bring all pertinent facts relating to such disclosure to the attention of all counsel of record and, without prejudice to other rights and remedies available to the producing party, make every effort to obtain the return of the disclosed Confidential Material and prevent further disclosure of it by the person who was the recipient of such information.

16. The parties may modify the provisions of this Order at any time by stipulation approved by order of the Court.

17. This Order shall survive the final termination of this action, to the extent that the Confidential Material is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of the information disclosed hereunder. Counsel for the parties shall destroy all Confidential Material in their possession, custody, or

control within 15 (fifteen) days of final termination of this action, which shall be deemed to occur only when final judgment has been entered and all appeals have been exhausted.

18. All information obtained by the parties and/or recipients in discovery in this proceeding that is designated as Confidential Material shall be used by the recipient solely for the prosecution or defense of the claims in this proceeding, and shall not be used by the recipient in any other legal action, or for any business, commercial, competitive, personal, publicity, media, or other purpose. No recipient or other person to whom Confidential Material is disclosed shall use, copy, transcribe, or otherwise reproduce in written or any other form any part or portion of any Confidential Material except as necessary for purposes of this proceeding.

DATED: March __, 2015                     Respectfully submitted,

                                          SEYFARTH SHAW LLP

                                          By:   /s/ Pritee K. Thakarsey
                                                Michael J. Burns
                                                Pritee K. Thakarsey

                                          Attorneys for Defendants
                                          MOTEL 6 OPERATING, L.P; G6
                                          HOSPITALITY LLC; and KAREN INGRAM

DATED: March 4, 2015

                                          By:   /s/ Violeta Diaz
                                                David C. Rancaño
                                                Violeta Diaz

                                          Attorneys for Plaintiff
                                          MARIA ABARCA

# PROTECTIVE ORDER

The undersigned has considered and approves the stipulated protective order filed and signed by all parties.

IT IS SO ORDERED.

Dated: **March 10, 2015**                 /s/ Barbara A. McAuliffe
                                          UNITED STATES MAGISTRATE JUDGE